IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOEL MEANS,
#N23056,

Plaintiff,

vs.

JOE HAPER,

Defendant.                                        Case No. 18-cv-00590-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Joel Means is currently housed at Chester Mental Health Center located in Chester, Illinois. He brings this civil rights action against an administrator at Chester Mental Health Center named Joe Haper.[1] (Doc. 1, p. 1). The allegations in the Complaint are largely incoherent. *Id*. For this reason, the Court is unable to determine the exact nature of plaintiff's claims against Haper, although they appear to relate to an untreated stomach problem. (Doc. 1, p. 4). Plaintiff failed to explain what role Haper played in denying him medical care or clearly describe what relief he now seeks. (Doc. 1, p. 6).

The Complaint is subject to preliminary review. However, the Court lacks sufficient information about plaintiff's status as a "prisoner" or a poor person to determine whether screening is appropriate under 28 U.S.C. § 1915A, which

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of Illinois on March 5, 2018. *Means v. Haper*, No. 18-cv-01653 (N.D. Ill. 2018). The Northern District of Illinois transferred the case to this District on March 20, 2018, after determining that venue was proper in the Southern District of Illinois.

1

applies to prisoners, or 28 U.S.C. § 1915(e)(2)(B), which applies to non-prisoners who seek leave to proceed *in forma pauperis* ("IFP"). Plaintiff does not disclose the basis for his current confinement at Chester. He also failed to file a motion seeking leave to proceed as a poor person. Regardless of his status as a prisoner, the Complaint fails to state any claim for relief and shall be dismissed.

Section 1915A governs civil actions brought by prisoners against a governmental entity or officer. 28 U.S.C. § 1915A(a). The statute defines "prisoner" to include "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(c). The Court is required to dismiss a prisoner's complaint, or any portion of it, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1)-(2).

A civil rights action filed by a non-prisoner who seeks leave to proceed *in forma pauperis* ("IFP") is screened pursuant to 28 U.S.C. § 1915(e)(2). Notwithstanding any filing fee that has been paid, § 1915(e)(2) compels the Court to dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). *See also Luevano v. Wal–Mart Stores, Inc.,* 722 F.3d 1014, 1018 (7th Cir. 2013).

The instant Complaint fails to state a claim upon which relief may be

granted and therefore warrants dismissal under both statutes. *See* 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(ii). An action fails to state a claim for relief when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.

In order to state a claim under § 1983, a plaintiff must allege that he was deprived of a constitutionally protected right by a defendant who acted under color of state law. *See* 42 U.S.C. § 1983. *See also McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993); *Patrick v. Jasper Cnty.*, 901 F.2d 561, 565 (7th Cir. 1990). A government official may not be held liable under § 1983 based only on his or her role as a supervisor. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Liability requires personal involvement in or responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In other words, a plaintiff who claims that he was denied adequate medical care must name as defendants those individuals who are responsible for the inadequate medical care and describe what each defendant did, or failed to do, to treat him. This does not require plaintiff to describe his claims in great detail. He must set forth a clear and simple statement of his claim against each defendant. *See* FED. R. CIV. P. 8. Plaintiff fails to satisfy this requirement because his allegations against Haper are incoherent. Having failed to state a coherent

claim, the Complaint shall be dismissed without prejudice. Plaintiff shall be granted leave to file an amended complaint, if he wishes to pursue this claim further. However, he is bound by the Court's deadline and instructions in the below disposition.

## Disposition

**IT IS HEREBY ORDERED** that the **COMPLAINT** (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **JOE HAPER** is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that, should he wish to proceed with this case, plaintiff must: (1) file a Motion for Leave to Proceed *in forma pauperis* that includes his updated financial information for the 6-month period preceding this action (September 1, 2017 through March 20, 2018) or prepay the full $400.00 filing fee for this action consistent with the instructions set forth in the letter from the Clerk of this Court dated March 20, 2018 (Doc. 7), and no later than the *extended deadline* of April 24, 2018; and (2) file a First Amended Complaint by the same deadline of April 24, 2018. Failure to comply with this deadline or the instructions set forth in the Clerk's letter (Doc. 7) and this Order shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

4

Should plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.,* 18-cv-00590-DRH). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his amended complaint. Claims against different defendants that are unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this

action was incurred at the time the action was filed, thus the filing fee of $400.00[2] remains due and payable, regardless of whether plaintiff elects to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See Fed. R. Civ. P. 41(b).

In order to assist plaintiff in preparing his updated Motion for Leave to Proceed *in forma pauperis* and First Amended Complaint, the Clerk is **DIRECTED** to mail plaintiff a blank IFP motion and civil rights complaint form, as well as a motion for recruitment of counsel.

**IT IS SO ORDERED.**

Judge Herndon
2018.03.28
15:31:41 -05'00'

**United States District Judge**

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.