IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOEL MEANS,
#N23056,

Plaintiff,

vs.

JOE HAPER,

Defendant.                                    Case No. 18-cv-00590-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Joel Means filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against an administrator at Chester Mental Health Center named Joe Haper. (Doc. 1). The allegations in the Complaint were largely incoherent. *Id*. Plaintiff alluded to the denial of medical care for a stomach ailment. *Id*. However, he did not indicate what relief he was seeking in this action. *Id*. At the time of filing the Complaint, Plaintiff also failed to file a Motion for Leave to Proceed *in forma pauperis* ("IFP") or pay the $400.00 filing fee for this action.

Given the potentially urgent nature of his claims, the Court screened the Complaint but concluded that it failed to state a claim for relief. (Doc. 8). The

1

Court granted Plaintiff leave to file a First Amended Complaint, if he wished to proceed with his claims. *Id*. However, Plaintiff was warned that his case would be dismissed if he failed to pay the $400.00 filing fee for this action or seek leave to proceed IFP. *Id*. The deadline for filing his First Amended Complaint and his IFP motion or fee was April 24, 2018. *Id*.

The deadline has now expired. Plaintiff has not paid the filing fee for this action or filed an IFP Motion. He has not requested an extension of the deadline for doing so. The documents that he filed as his First Amended Complaint (Doc. 9) consist of three letters sent to the Court in separate envelopes. *Id*. The letters lack coherent allegations or claims against a named defendant or any intelligible request for relief. *Id*. Under the circumstances, the Court finds that Plaintiff is in violation of the Order (Doc. 8) dated March 29, 2018.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Order of this Court requiring him to prepay the full filing fee for the action or file a properly completed IFP Motion and First Amended Complaint no later than April 24, 2018. (Doc. 8) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g) because it is unclear whether this plaintiff was subject to the Prison Litigation Reform Act at the time of filing this action.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was filed, so the fee of $400.00 remains due and payable.

*See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A separate order will issue regarding the collection of this fee.

The Clerk's Office is **DIRECTED** to close this case and enter a judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.05.04
14:55:04 -05'00'

**United States District Judge**